UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARRON SMITH, <br>         Plaintiff, <br> v. <br> SMX, LLC, <br>         Defendant. | Case No.18-cv-01903-JD <br><br> **ORDER RE MOTION TO COMPEL ARBITRATION** <br> Re: Dkt. No. 28 |

Twenty months ago, plaintiff Sharron Smith initiated this suit against her former employer, SMX, LLC ("SMX"), over unpaid overtime wages, misrepresentations, and other claims. Dkt. No. 1-1, Ex 1. The parties have been litigating these claims in California state court and, since removal, in this Court. But just as fact discovery was closing, Smith objected to being deposed and abruptly moved to compel arbitration of her claims based on an arbitration clause in her employment agreement with SMX, a copy of which is attached to her motion. Dkt. No. 28-1, Exs. A, B; Dkt. No. 29-1, Ex. C. SMX does not contest that the dispute may be within the scope of the clause, but it says Smith has waived her right to arbitration by litigating her claims in state and federal court for so long. The motion is denied.

The parties' arbitration agreement designates the Federal Arbitration Act ("FAA") as the law applicable to "any claim arising out of or relating to" Smith's employment with SMX. Dkt. No. 28-1, Exs. A, B; *see also Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 529 (2019) ("Under the [FAA], arbitration is a matter of contract, and courts must enforce arbitration agreements according to their terms."). Like other contractual rights, the right to arbitration can be waived. *Martin v. Yasuda*, 829 F.3d 1118, 1124 (9th Cir. 2016). Waiver of an arbitration agreement governed by the FAA is evaluated under federal rather than state law. *Sovak v. Chugai Pharmaceuticals Co.*, 280 F.3d 1266, 1269-70 (9th Cir. 2002). Although neither party disputes

that the FAA applies, the Court notes that California law on the waiver of a contractual right to arbitrate is in tune with federal law and uses similar standards. *See, e.g.*, *St. Agnes Med. Ctr. v. PacifiCare of California*, 31 Cal. 4th 1187, 1196 (2003).

The party asserting a waiver "bears a heavy burden of proof" given the "strong federal policy favoring enforcement of arbitration agreements." *Martin*, 829 F.3d at 1124 (quotations omitted). It must show: "(1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." *Id.* (quotation omitted). A party that signs a binding arbitration agreement may choose to litigate or arbitrate, but not both. It may not delay seeking arbitration until after the district court rules against it in whole or in part, or "belatedly change its mind after first electing to proceed in what it believed to be a more favorable forum." *Id.* at 1128.

SMX says Smith has long known about her right to arbitrate her claims, and has repeatedly taken steps that were inconsistent with that right. Dkt. No. 29. Smith's main response is that she only recently became aware of the arbitration agreement, and that SMX's main expenditures so far have been discovery-related and insufficient to establish prejudice. Dkt. No. 30.

It is a rare day in the Court's experience when a plaintiff seeks to compel arbitration. This atypical situation is compounded here by Smith's questionable showing of ignorance about the arbitration option. To start, her position is not well taken because she signed an employment contract and is deemed to know its terms whether she read them or not. *See Alonso v. AuPairCare, Inc.*, No. 3:18-CV-00970-JD, 2018 WL 4027834, at *3 (N.D. Cal. Aug. 23, 2018); *see also Pinnacle Museum Tower Assn. v. Pinnacle Mkt. Dev. (US), LLC*, 55 Cal. 4th 223, 236 (2012) ("An arbitration clause within a contract may be binding on a party even if the party never actually read the clause."). In addition to this legal point, the record indicates that she may have known about the arbitration agreement since September 2015, when she signed it. *See* Dkt. No. 28-1, Exs. A, B. She says she remembered signing pre-employment documents but not the details. But even giving Smith the benefit of the doubt on that score, she certainly has been on notice of the arbitration clause since October 2017, when SMX filed its answer in this action and raised arbitration as a defense. *See* Dkt. No. 1-1, Ex. 5, at 6. There is also no dispute that she

2

received a copy of her employment contract in discovery in February 2018, approximately eight months before she moved to compel arbitration. Dkt. No. 30 at 2.

Consequently, the record establishes that Smith knew or should have known about the arbitration clause as of February 2018 at the latest, and a strong case can be made that she knew as of October 2017. Nevertheless, Smith continued to actively litigate her claims in this Court for a long time before abruptly deciding to pursue arbitration. Among other events, the parties have engaged in substantial discovery and court conferences, the Court has issued a scheduling order, and it has extended case deadlines by several months at the parties' joint request to give them more time to complete discovery. The parties requested and held a settlement conference before a magistrate judge in this district. Fact discovery is now closed, and dispositive motions are due in less than two months. All of this qualifies as a clear election by Smith to prosecute her claims in court and not in arbitration. *See Martin*, 829 F.3d at 1125; *Van Ness Townhouses v. Mar Indus. Corp.*, 862 F.2d 754, 759 (9th Cir. 1988).

Smith has not demonstrated any reason why she should be allowed to renounce that election at this late date. Her rather strained suggestion that she sought to compel arbitration as a prophylactic measure in case SMX pursued arbitration later is not well taken. There is no evidence at all that SMX would attempt that at this stage, nor is it likely that it would prevail for reasons similar to the waiver considerations here. In addition, Smith's counsel undercut his position by insisting at the hearing that Smith would not withdraw the motion even if SMX waived arbitration on the record.

There is also no question that Smith's delay in seeking arbitration was prejudicial to SMX. Litigating in federal court for an extended period of time "will almost inevitably cause the parties to expend more time, money, and effort than had they proceeded directly to arbitration." *Martin*, 829 F.3d at 1127. Even exchanging "the same information in court as they would have in arbitration" can be prejudicial. *Id.* at 1128; *see also Van Ness Townhouses*, 862 F.2d at 759 (extensive discovery into arbitrable claims can trigger waiver). Starting the case anew in arbitration at this point would be an unjust penalty on SMX.

3

The motion is denied.

**IT IS SO ORDERED.**

Dated: February 20, 2019

															JAMES DONATO
															United States District Judge